## BROTHERHOOD OF LOCOMOTIVE FIRE-MEN AND ENGINEMEN v. HASSELL.

### No. 11085.

Court of Civil Appeals of Texas. Dallas.

April 11, 1936.

John T. Suggs, J. T. Suggs, Jr., and R. W. Stoddard, all of Denison, for appellant.

Webb & Webb, of Sherman, for appellee.

LOONEY, Justice.

M. O. Hassell sued the Brotherhood of Locomotive Firemen and Enginemen on a benefit certificate, to recover accrued benefits of $50 per month for total permanent disability or incapacity to perform all manual labor, resulting from an injury sustained in the course of employment, necessitating the amputation of his left arm near the shoulder joint.

The case was tried to a jury and resulted in a verdict and judgment in favor of plaintiff for $1,966.65, being the amount of accrued monthly benefits to the time of the trial, which, on appeal to this court by defendant, was reversed. See 56 S.W.(2d) 223. We held that the evidence conclusively showed plaintiff sustained total permanent disability or incapacity for a period of only three months and two days prior to the trial, therefore, set aside the judgment of the trial court and rendered judgment in favor of plaintiff for $153.23. The Supreme Court granted a writ of error and later reversed [87 S.W.(2d) 468, 471] our judgment, holding that the monthly compensation contemplated by the certificate sued upon referred to a physical condition produced by an injury substantially incapacitating plaintiff from the pursuit of manual labor, and, after assembling and reviewing the pertinent facts, said: "We conclude, therefore, that the testimony hereinbefore stated raises a fact issue as to Hassell, on account of his physical condition resulting from the amputation of his arm, being totally and permanently incapacitated, up to the time the case was tried, from performing all manual labor within the meaning of section 22. That fact issue has been determined by the jury in Hassell's favor. The brief filed in the Court of Civil Appeals by the defendant in error contains a number of assignments of error, including an assignment raising the question of sufficiency of the evidence to sustain the verdict of the jury. Under the law, we are not authorized to pass on that question. However, all other assignments contained in the brief have received due consideration and they are hereby overruled. The judgment of the Court of Civil Appeals is reversed, and the cause is remanded to that court in order that the court may pass on the ques-

tion of sufficiency of the evidence to sustain the verdict of the jury."

In view of the construction by the Supreme Court of the language of the certificate sued upon, and the court's expressed opinion, that the evidence raised a fact issue as to whether or not the amputation of plaintiff's arm resulted substantially in a total and permanent incapacity to perform all manual labor to the time of the trial, we hold the evidence sufficient to sustain the finding of the jury, therefore, affirm the judgment of the trial court; but without prejudice to any future authorized action by plaintiff to recover monthly compensation for any period of total and permanent disability or incapacity to perform manual labor on account of said injury accruing subsequent to March 23, 1931, the date of the judgment appealed from.

Affirmed.